Ardian FUNICI, et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–0442–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel; Edward J. Duffy, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present SONIA SOTOMAYOR, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ardian, Suela, Ariel, and Kolina Funici, natives and citizens of Albania, seek review of a December 27, 2007 order of the BIA affirming the February 17, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

---

1. Petitioners Ardian and Suela Funici are husband and wife. Ariel and Kolina are their children. Because Ardian Funici was the

*In re Ardian Funici,* Nos. A97 391 660/661/662/663 (B.I.A. Dec. 27, 2007), *aff'g* Nos. A97 391 660/661/662/663 (Immig. Ct. N.Y. City Feb. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ based his decision, in part, on four inconsistencies in the record concerning: (1) the date an explosion occurred at Funici's home in 2001; (2) how many of the men who attacked him in August 2003 wore police uniforms; (3) who reported the explosion that allegedly occurred outside of his home in August 2003; and (4) whether he was arrested in September 1998. In a pre-REAL ID Act case like the one at issue here, an inconsistency must be "substantial" when measured against the record as a whole in order to support an adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162 (2d Cir. 2008)(per curiam). All of these inconsistencies were substantial, casting doubt on whether explosions had ever occurred at Funici's home, whether he had ever been arrested or detained, or whether he had been beaten on account of his political opinion. *Id.*

The IJ also relied on a number of incidents that Funici described during his merits hearing, but that he had omitted from his asylum application, such as: (1) a beating that allegedly took place in December 1990; (2) a beating that allegedly took place in April 1991; (3) an alleged hospitalization after a beating in August 2003; and (4) a detention that purportedly took place in June 1997. "[A]sylum applicants are not required to list every incident of persecution on their I–589 statements." *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006). Indeed, we have noted that "the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair." *Secaida–Rosales,* 331 F.3d at 308. Here, however, the omissions noted by the IJ all related to incidents that Funici described in substantial detail in his asylum application. For example, while Funici provided a detailed description of his participation in the December 1990 protest in his application, he failed to mention that he was beaten. It was therefore proper for the IJ to conclude that Funici's testimony was not credible where he appeared to add details that would bolster his claim. *Cf. id.*

While Funici indicates potential errors in the IJ's assessment of the authenticity of his Democratic Party ("DP") membership card, the BIA properly found that, independent of these findings, the IJ's adverse credibility determination was not clearly erroneous.

The cumulative impact of the inconsistencies and omissions noted by the IJ provide substantial evidence in support of his adverse credibility determination. Accord-

lead applicant before the agency, we refer to him as "Funici" in this order.

ingly, denial of Funici's asylum application was proper. Finally, inasmuch as Funici's claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the IJ's adverse credibility finding is fatal to those claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.